NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN SCHEFFLER, | Civil Action No. 13-0993 (FLW) |
| Petitioner, | |
| v. | OPINION |
| ROBERT BROTHERS, | |
| Respondents. | |

APPEARANCES:

> JOHN SCHEFFLER, #20150
> Warren County Correctional Center
> 175 County Route 519 South
> Belvidere, NJ 07823
> Petitioner Pro Se

**WOLFSON, District Judge**:

Petitioner John Scheffler filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his pretrial confinement at Warren County Correctional Center. For the reasons expressed below, this Court will dismiss the Petition.

## I. BACKGROUND

John Scheffler asserts that he has been confined as a pretrial detainee at Warren County Correctional Center since New Jersey officials arrested him on August 11, 2011. He asks this Court to dismiss all pending state criminal charges with prejudice, or to release him pending trial on the following grounds: (1) Elizabeth Police Officer Francisco Croban arrested him without probable cause; (2) Officer Croban knowingly lied on the arrest warrant; (3) the bail of $200,000 is unreasonable.

RECEIVED
SEP 18 2013
AT 8:30_____M
WILLIAM T. WALSH CLERK

The following documents are attached to the Petition: "Affirmation of Truth" by John Scheffler dated December 28, 2012; page one of the complaint-warrant dated August 11, 2011, in *State v. John B. Scheffler,* No. 2004-W-2011-003121, charging Scheffler with committing theft by purposely receiving a Toyota Highlander stolen from Theadore Martka; Police Department of Elizabeth Investigation Report dated August 11, 2011; Police Department of Elizabeth Supplementary Investigation Report dated September 28, 2011; pro se letter brief addressed to Judge Bartlett in Indictments 12-07-00315-I and 12-07-00316-I.

## I.  STANDARD OF REVIEW

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994); *Harrison v. Schultz,* 285 F.App'x 887, 889 (3d Cir. 2008); *United States v. Thomas,* 221 F.3d 430, 437 (3d Cir. 2000); *Siers v. Ryan,* 773 F.2d 37, 45 (3d Cir. 1985). Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b). Dismissal without the filing of an answer or the State court record is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." *Id.*; *see also McFarland,* 512 U.S. at 856; *Thomas,* 221 F.3d at 437 (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

## III.  DISCUSSION

A district court has subject matter jurisdiction under 28 U.S.C. § 2241(c)(3) to entertain a pretrial petition for habeas corpus brought by a person who is in custody pursuant to an untried

state indictment. *See Maleng v. Cook*, 490 U.S. 488, 490 (1989); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *Mokone v. Fenton*, 710 F.2d 998, 999 (3d Cir. 1983); *Moore v. DeYoung*, 515 F.2d 437, 442, 443 (3d Cir. 1975). While this Court has jurisdiction under 28 U.S.C. § 2241 to entertain this pretrial Petition, it is clear that such relief should not be granted at this time to Mr. Scheffler because "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden*, 410 U.S. at 489 (quoting *Ex parte Royall*, 117 U.S. 241, 253 (1886)). Moreover, the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), forbids federal court interference in pending state criminal proceedings. As the Supreme Court explained over 100 years ago, although federal courts have the power to discharge a state pretrial detainee,

> [w]e cannot suppose that congress intended to compel those courts, by such means, to draw to themselves, in the first instance, the control of all criminal prosecutions commenced in state courts . . , where the accused claims that he is held in custody in violation of the constitution of the United States. The injunction to hear the case summarily, and thereupon 'to dispose of the party as law and justice require,' does not deprive the court of discretion as to the time and mode in which it will exert the powers conferred upon it. That discretion should be exercised in the light of the relations existing, under our system of government, between the judicial tribunals of the Union and of the states, and in recognition of the fact that the public good requires that those relations not be disturbed by unnecessary conflict between courts equally bound to guard and protect rights secured by the constitution.

*Ex parte Royall*, 117 U.S. at 251.

The proper procedure for Mr. Scheffler is to exhaust his constitutional claims before all three levels of the New Jersey courts and, if he is unsuccessful, to thereafter present them to this Court in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Moore*, 515 F.2d at 449. Upon careful review, this Court finds that Mr. Scheffler's habeas petition does not present any extraordinary or exceptional circumstances and is an attempt "to litigate constitutional

defenses prematurely in federal court." *Id.*, 515 F.2d at 445.  Mr. Scheffler is not entitled to a pretrial Writ of Habeas Corpus, and this Court will dismiss the Petition without prejudice to the filing of a petition pursuant to 28 U.S.C. § 2254 after he exhausts remedies available in the courts of the State of New Jersey.  *See Duran v. Thomas*, 393 F.App'x 3 (3d Cir. 2010) (affirming dismissal of § 2241 petition alleging that petitioner was subjected to warrantless arrest, was detained without probable cause hearing, and that state court had imposed excessive bail).[1]

### IV.  CONCLUSION

Based on the foregoing, this Court will dismiss the Petition.

_____
**FREDA L. WOLFSON**
United States District Judge

DATED: _Sept 18_, 2013

---

[1] *See also United States v. Castor*, 937 F.2d 293, 296-297 (7th Cir. 1991); *Dickerson v. State of Louisiana*, 816 F.2d 220, 225-227 (5th Cir. 1987); *Atkins v. State of Michigan*, 644 F.2d 543, 545-547 (6th Cir. 1981).